

FILED by VT D.C.

ELECTRONIC

**March 9, 2009**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: **09-CV-60360-Ungaro-Simonton**

PAUL V. FUHRMANN, an individual;
and all others similarly situated,

    Plaintiff,

v.

AUDIO VISUAL INNOVATIONS, INC.,
a Florida corporation, d/b/a AVI-SPL, INC.

    Defendant.
_____/

## ORIGINAL COMPLAINT

Plaintiff, PAUL V. FUHRMANN, an individual ("Plaintiff"), through his undersigned retained attorneys, files this Original Complaint against the Defendant, AUDIO VISUAL INNOVATIONS, INC., a Florida corporation, d/b/a AVI-SPL, INC., and alleges:

### JURISDICTION AND VENUE

1. Plaintiff brings this action against the Defendant pursuant to 29 U.S.C. § 201 *et seq.*, ("Fair Labor Standards Act" or "FLSA"). Plaintiff FUHRMANN brings suit on behalf of himself and those similarly situated to him working as project engineers/service technicians for Defendant nationally who may later opt into this action and seek to recover from Defendant unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to Section 16(b) of the FLSA, Title 29, United States Code, § 216(b).

2. Jurisdiction is conferred upon this Court by 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331, and 1337.

1

3.  Venue is proper for the United States District Court for the Southern District of Florida because:

    (a)  The Plaintiff was employed in the Southern District of Florida by Defendant, which at all material times conducted, and continue to conduct, business in the Southern District of Florida; and

    (b)  Additionally, venue lies pursuant to 28 U.S.C. § 1391(b) & (c), because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida, and because the Defendant is subject to personal jurisdiction there.

## CONDITIONS PRECEDENT

4.  Plaintiff has complied with all conditions precedent in this case, or they have been waived.

## PARTIES

5.  Plaintiff is a citizen of the United States who resides within the Southern District of Florida.

6.  Defendant is a Florida corporation, who at all times material conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the United States and of the State of Florida.

7.  At all times material hereto, the Defendant constituted an "employer" within the meaning of 29 U.S.C. § 203(d) of the Fair Labor Standards Act.

8.  At all times material hereto, Defendant was an "enterprise" engaged in interstate commerce pursuant to 29 U.S.C. § 203(r) and (s) of the Fair Labor Standards Act.

2

9. Plaintiff and those similarly situated to him who may later opt into this action were individually engaged in commerce at all times relevant to this action.

10. During all times relevant to this action, Plaintiff and those similarly situated to him who may later opt into this action were "employees" pursuant to 29 U.S.C. § 203(e)(1) of the Fair Labor Standards Act.

11. Plaintiff is a non-exempt former employee of Defendant who was subject to the payroll practices and procedures described herein and worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this Complaint.

12. This Complaint seeks to hold the Defendant liable for violations of wage and hour provisions of the Fair Labor Standards Act because at all times material to this Complaint, the Defendant failed to comply with 29 U.S.C. § 201-219 in that Plaintiff and those similarly situated to him who may later opt into this action performed services for Defendant for which no provision was made to properly pay overtime or any wages for those hours worked in which overtime was required under law to be paid.

## STATEMENT OF FACTS

13. Within the past three (3) years, Plaintiff worked for the Defendant as a project engineer/service technician at Defendant's Deerfield Beach, Florida facility.

14. Defendant employed Plaintiff from about January 8, 2007 through about February 5, 2009.

15. In the course of his employment with Defendant, Plaintiff and other employees similarly situated worked the number of hours required of them, but were not paid time and one-half for all hours worked in excess of forty (40) during a workweek.

16. Plaintiff and those similarly situated to them regularly worked in excess of forty (40) hours per workweek.

17. Defendant was aware that Plaintiffs and other similarly situated employees were working in excess of forty (40) hours during a workweek.

18. Defendant was aware that the FLSA requires Plaintiff and other similarly situated employees to be paid overtime wages for hours worked in excess of forty (40) in a given workweek.

19. Plaintiff (from about January 8, 2007 through about December 22, 2008) and other similarly situated employees were deliberately misclassified by Defendant as salaried employees although they legally should have been classified as hourly non-exempt employees entitled to overtime.

20. Defendant deceived Plaintiff and other similarly situated employees into believing that they were not entitled to overtime compensation, even though they were so entitled under the FLSA.

21. While Plaintiff has a few records concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to him, a greater number of records are in the possession and custody and control of Defendant, and Plaintiff is unable to state at this time the exact amount due and owed to them and other similarly situated employees. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

22. Plaintiff has retained the undersigned legal counsel to prosecute this action on his behalf, and have agreed to pay them a reasonable fee for their services.

23. Plaintiff (and those who later opt into this action) is entitled to his reasonable attorneys' fees and costs if they are the prevailing parties in this action.

## COUNT I

## FAIR LABOR STANDARDS ACT – RECOVERY OF OVERTIME COMPENSATION

24. Plaintiff and those similarly situated to them re-adopt, incorporate by reference, and re-allege Paragraphs 1 through 23 as though fully set forth.

25. Plaintiff and those similarly situated are entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) in each workweek.

26. By reason of the intentional, willful, and unlawful acts of Defendant, Plaintiff and those similarly situated to him who later opt in to this action have suffered damages, plus incurring costs and reasonable attorneys' fees.

27. As a result of Defendant's willful violations of the Fair Labor Standards Act, all plaintiffs (Plaintiff and those similarly situated to him) are entitled to liquidated damages as provided in § 216 of the FLSA.

## GOOD FAITH ESTIMATE OF DAMAGES

28. Plaintiff worked for Defendant from on or about January 8, 2007 until about February 5, 2009. Defendant began properly paying Plaintiff overtime on or about December 23, 2008. Thus the period of time for which Plaintiff seeks to recover overtime pay is about January 8, 2007 through December 23, 2008.

29. During this time frame (102 weeks), Plaintiff worked on average 67.5 hours a week for the duration of his employment with Defendant. He was paid a salary of about $1,115.39 per week during his employment. Dividing this amount by the average 67.5 hours Plaintiff worked each week equals a regular rate of $16.52/hour. This

5

translates to an unpaid half-time rate of about $8.26 per overtime hour. This amount in then multiplied by the 27.5 hours of overtime Plaintiff worked each week, which totals $227.21 in unpaid overtime each week. This amount is doubled to $454.42 to account for liquidated damages. $454.42 per week in damages is then multiplied by 102 weeks, equaling $46,350.65. Thus, Plaintiff seeks damages of **$46,350.65.**

29.   Plaintiff's Notice of Consent to joint this action is attached hereto as Attachment 1.

**WHEREFORE,** for workweeks within three (3) years of the filing of this Complaint, Plaintiff, and those similarly situated who later opt into this action, demand judgment against Defendant for the overtime wages due them for the hours worked by them for which they have not been properly compensated (back pay), liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief, including pre-judgment interest, and any further relief that the Court deems necessary.

Dated: _MARCH 9, 2009_

ATTORNEYS FOR PLAINTIFFS

CASSATA & HANSON, P.L.
320 Southeast Tenth Court
Fort Lauderdale, Florida 33316
Phone:       (954) 364-7803
Facsimile:   (954) 251-4787

BY: _____
Dion J. Cassata, Esq.
Fla. Bar No. 672564
*dion@cassatahanson.com*

6

6 of 9

# ATTACHMENT 1

## NOTICE OF CONSENT TO JOIN

The undersigned, _Paul V. Fuhrmann_ hereby consents, pursuant to 29 U.S.C. § 216(b) to become a party plaintiff in this lawsuit.

_/s/ Paul V. Fuh___
Client signature

_Paul V. Fuhrmann_   3/4/09
Client name (print)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I. (a) PLAINTIFF(S)**

PAUL V. FUHRMANN, and all others similarly situated,

**DEFENDANT(S)**

AUDIO VISUAL INNOVATIONS, INC., a Florida corporation,

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** (EXCEPT IN U.S. PLAINTIFF CASES)
**BROWARD**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)**
CASSATA & HANSON, P.L., 320 Southeast Tenth Court, Fort Lauderdale, Florida 33316, (954) 364-7803

**ATTORNEYS (IF KNOWN)**
0:09CV60360-UU-Simonton

**(d) CIRCLE COUNTY WHERE ACTION AROSE**
MONROE, DADE, **BROWARD**, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicates Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (FOR DIVERSITY CASES ONLY)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
THIS SUIT SEEKS A COLLECTIVE ACTION TO REMEDY VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 et seq., (Overtime).

**IVA.** 2-3 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORT | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug-Related Seizure of Prop. 21 USC 881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced & Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodity/ Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☒ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liab. | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Econ. Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent, Lease & Eject. | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determ. Equal Access/Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Const. of State Statute |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus and Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Prop. | | ☐ 550 Other | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23 (THIS SUIT SEEKS TO BECOME A COLLECTIVE ACTION)
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** YES ☐ NO ☒

**VIII. RELATED CASE(S) IF ANY** None (See instructions)
JUDGE
DOCKET NO.

DATE 3/09/2009
SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F 1-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 545664
Date Paid: _____
Amount: _____
M/ifp: _____